(21 App. Div. 88.)

PEOPLE ex rel. MOLLER v. MARSH et al.

(Supreme Court, Appellate Division, Second Department.  October 5, 1897.)

1. MANDAMUS—PRACTICE—AMENDMENTS.
    The court has the same power to allow amendments in special proceedings instituted by state writs as in the prosecution of actions.
2. SAME—DISCRETION OF COURT.
    The question whether a respondent should be further heard as to the issue of a state writ on an amended petition rests solely in the discretion of the court.
3. SAME—QUASHING WRIT—GROUNDS.
    The fact that a state writ and the allowance indorsed thereon erroneously bear date prior to the institution of the proceedings constitutes, in itself, no basis for quashing the writ.
4. SAME—WHEN LIES—DRAINAGE COMMISSIONERS.
    Mandamus will lie, at the instance of a bondholder, to compel drainage commissioners appointed under Laws 1869, c. 888, to levy an assessment to provide for payment of bonds issued by them.
5. SAME—GROUNDS OF DEMURRER—LACHES.
    The question of laches cannot be raised by demurrer to a state writ, but should be raised by return.
6. DRAINAGE PROCEEDINGS—ADOPTION OF REPORT—PLEADING.
    A petition for mandamus against drainage commissioners alleged that on June 7, 1870, they made a certain report to the county court of Richmond county, which adopted the report, and directed them to proceed.  The statute required the determination to be made by the county judge.  At that time, under a constitutional amendment adopted in 1869, the county court of that county could have been held by a county judge of any other county. *Held*, that the allegation was fatally defective.

Appeals from special term.

Mandamus by the people, on the relation of Emma L. Moller, against Isaac M. Marsh and others, drainage commissioners.   From an order denying a motion to quash the alternative writ, and from a judgment entered in favor of relator on a demurrer to such writ, the commissioners appeal.   Order affirmed.   Judgment reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

W. W. McFarland and George J. Greenfield, for appellants.
John R. Dos Passos and John Murray Mitchell, for respondent.

CULLEN, J.   The first appeal before us is from an order of the special term denying a motion to quash a writ of alternative mandamus.   In July, 1895, an application was made to the court, on notice to Isaac M. Marsh and others, commissioners, for the issue of a writ of alternative mandamus.   This application was opposed.   On the 16th day of November, an order was made by the court, granting the alternative writ, and permitting the relator, within 40 days, to amend his petition as he might be advised.   Thereafter the relator served an amended petition, and in June, 1896, the writ was issued, and served on the commissioners.   The writ bears date the 29th day

of June, 1895, and the allowance indorsed upon it is of the same date. Thereafter the commissioners moved to quash the writ, and from an order denying such motion appealed to this division of the court.

We think the application was properly denied. It is true that there is an inconsistency between the date of the writ and the date of the petition upon which it purported to have been issued; but it was shown by affidavit, and is conceded, that the writ was neither allowed nor issued until after the filing and service of the amended petition. If the inconsistency of dates is of any importance, it should have been corrected by an amendment to the writ. The appellants were not prejudiced by the permission given in the order of November, 1895, to file an amended petition. We have held that, under the present Code, there is the same power to allow amendments in special proceedings instituted by state writ as in the prosecution of actions (People v. Board of Assessors, 10 App. Div. 393, 41 N. Y. Supp. 769); and the question whether the commissioners should have been further heard as to the issue of the writ on the amended petition rested solely in the discretion of the court, for the writ might have been granted without notice. This order should be affirmed, with $10 costs and disbursements.

The second appeal is from a judgment entered in favor of the relator on the demurrer interposed by the commissioners to the alternative writ, on the ground that it did not state facts sufficient to constitute a cause of action, or to entitle him to relief. It here becomes necessary to state the nature of the contest. As alleged in the writ, on the application of certain freeholders of the town of Southfield, and of the town board of said town, and of a majority of the board of supervisors of the county of Richmond, the respondents were appointed commissioners under the general drainage act (chapter 888, Laws 1869), by an order of the county court made on the 4th day of September in that year. The writ further recites another proceeding instituted in the year 1871, and the appointment of the same commissioners, by an order made by the county court on the 7th day of September in that year, and that thereafter both proceedings were, by an order of the court, consolidated. It further alleged that the commissioners, upon due notice, and after hearing all persons interested, determined that it was necessary for the public health that certain lands should be drained, and that said report was adopted by said court, and the commissioners directed to proceed with their duties; that thereafter the said commissioners located said lands, and caused an accurate survey and maps thereof to be made, and the same filed, as required by law, "and proceeded with and did effect said drainage, and duly performed all other acts necessary to authorize them to borrow the money and issue the bonds. as evidence of indebtedness" therein described; that, by an order made on the 19th day of June, 1872, the county court authorized the commissioners to borrow $40,000, for the purpose of carrying out and performing their duties under said act, and by a subsequent order, dated October 6, 1873, the commissioners were authorized to borrow the further sum of $15,000; that, in pursuance of this author-

ity, the commissioners issued bonds for the sum of $40,000, payable on the 1st day of July, 1875, or sooner, on the completion of the assessment for the drainage, with interest at the rate of 7 per cent. per annum, payable semiannually, and for the sum of $15,000, payable on the 1st day of July, 1878, and in other respects similar to the earlier bonds; that the relator is the owner and holder of certain of said bonds; that neither the principal nor any part of the interest thereon has been paid; and that no assessment has been levied or imposed for the purpose of realizing funds out of which to pay the same. The relief sought is that the commissioners forthwith levy an assessment for the cost of the improvement, as provided by statute, and out of the proceeds thereof pay the relator the amount due to him.

A large portion of the argument of the counsel for the appellants is, in our opinion, irrelevant to the questions presented to us by this appeal. We can take no notice of the record in Re Marsh, 71 N. Y. 315. It is not before us. In that case it was not decided, and could not have been decided, that the relator's bonds were void, because there was no such issue in the proceeding. All that was decided in that case was that the petition presented by the commissioners on an application to acquire title to lands upon which to lay and construct their drains was fatally defective. It was decided in People v. Haines, 49 N. Y. 591, that a valid assessment could not be imposed for the expense of a drainage improvement, where the commissioners had not acquired from private landowners the easement necessary for laying and maintaining their drains. But there is nothing in the proceeding before us to show that the commissioners have not legally and effectually carried out the improvement, and we cannot assume the fact, in contradiction of the express averment of the writ that the defendant proceeded with, and did effect, said drainage. The act authorized (by section 8) the commissioners, with the approval of the county judge, to raise funds in advance for the construction of the ditches and payment of the landowners, and to borrow money therefor upon certificates of indebtedness. The parties who loan money on these terms have the obligation of no municipal corporation or political division of the state for its repayment. The only source for such payment is the assessment thereafter to be imposed for the cost of the work. Unless, therefore, they can compel the commissioners to prosecute the work to completion, and to so prosecute it in accordance with law, there is absolutely no security for the payment of their bonds. The commissioners could, after the issue of bonds, neither abandon the improvement, nor destroy the bondholders' rights, by the prosecution of the improvement in an illegal manner. It is true that, if the improvement is not prosecuted legally, no valid assessment can be levied; but the making of an illegal improvement could not relieve the commissioners from their obligation to carry out the work in accordance with law, and the performance of that duty would still, in a proper case, be enforced. The case before us is not entirely similar to that of People v. Haines, supra, for here it does not appear that any assessment has been levied.

We think the question of laches cannot be raised by demurrer to the writ. It should properly be raised by return. This was substantially held by the court of appeals in People v. Common Council of Syracuse, 78 N. Y. 56. It is unnecessary for us, therefore, to determine whether relator's right to maintain this proceeding can be barred by any lapse of time less than the period necessary to bar an action on the bonds. People v. French, 13 Abb. N. C. 413, would seem an authority against such a contention; but, on the other hand, in People v. Chapin, 104 N. Y. 96, 10 N. E. 141, it is stated (true, it is obiter) that the writ may be denied when the delay in moving is unreasonable, although it falls short of the time given for commencing actions. If the latter be the true rule, it is plain that its application must be determined by the peculiar facts of each case, by consideration of what evils have been occasioned by the delay, and of how the rights of property owners and purchasers would now be inequitably affected. These facts can appear only on a return.

We now reach the substantial objections raised by the appellants to the sufficiency of the allegations in the writ. As to many of these, they are of a very technical character, though it must be confessed that this writ lacks the accuracy and detail of careful pleading, which it might and should have possessed. We do not deem it necessary to pass upon them, as they may be remedied in a new or amended writ, to which we think it will be necessary for the relator to resort. There is one defect in the present writ that is clearly fatal. It is alleged that the respondents were appointed commissioners in the first proceeding by an order of the county court made on the 4th day of September, 1869. Under the original drainage act, and until the amendment of 1871, the petition was to be presented to, and the order to be made, not by the county court, but by the county judge. Now, as at this time no one but the county judge of the county could hold the county court, it may be urged that this, in effect, is an allegation that it was made by the county judge. If this argument be good, it may answer the objection to the first order recited in the writ, but not so as to the second. It is alleged that on the 7th day of June, 1870, the commissioners reported to said court that it was necessary that the lands should be drained, which report was adopted by said court, and said commissioners were directed and empowered to proceed with their duties. It is requisite, by the statute, that the determination here referred to should be made by the county judge. See section 5. At this time the constitutional amendments adopted in 1869 had come into force. The county court of Richmond county could have been held by a county judge of any other county. Therefore an allegation that the order was made by the county court of Richmond county, even under the greatest liberality of construction, cannot be considered as the equivalent of an averment that it was made by the county judge. For this reason, the demurrer was well taken.

The judgment appealed from should be reversed, and judgment directed for the appellants on demurrer, with costs, with leave to the relator to serve an amended writ within 20 days, on payment of the costs of the demurrer and this appeal. All concur.