PEOPLE ex rel. DORAN et al. v. HARWICK et al.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

1. MANDAMUS—PROCEDURE.

    Code Civ. Proc. § 1994, requires that an application for a peremptory writ of mandamus shall be brought in the name of the people on relation of the plaintiffs. Section 2070 provides that such writ may be issued in the first instance where the applicant's right to the writ depends only on questions of law. *Held*, that the latter section did not dispense with the necessity of conforming to the regular rules of practice required in the former.

2. MANDAMUS—PEREMPTORY WRIT.

    Code Civ. Proc. § 2070, providing that a peremptory writ may be issued where the applicant's right depends only on questions of law, does not authorize the issuance of such writ where part of the complaint is made on information and belief, and the answer and affidavits of defendant raise issues of fact, which must first be determined.

Appeal from special term.

Action by the people of the state of New York, on the relation of Daniel Doran and Daniel Devlin, against Andrew C. Harwick, grand recorder of the Ancient Order of United Workmen, and Richard W. Van Fleet, as grand master workman of the Ancient Order of United Workmen. From an order granting a peremptory writ of mandamus, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

A. C. Harwick (Nathan Lewis, on the brief), for appellants.
Smith Lent, for respondents.

WOODWARD, J. The order appealed from was granted in an action brought by the plaintiffs for the same relief granted in the writ, and it is urged on appeal that the court had no jurisdiction to

grant a peremptory writ of mandamus, as the proceeding was not brought in the name of the people on the relation of the plaintiffs, as required by section 1994 of the Code of Civil Procedure. Aside from the brief submitted by the respondents, we find no suggestion that the proceeding was instituted in behalf of the people on the relation of any one. We do not understand that the provisions of section 2070 of the Code of Civil Procedure, that "a peremptory writ of mandamus may be issued, in the first instance, where the applicant's right to the mandamus depends only upon questions of law," in any wise dispenses with the necessity of complying with the provisions of section 1994. All that section 2070 is intended to accomplish is to authorize the court, where a proceeding has been properly commenced upon the relation of a person, to grant the writ in the first instance where there is no dispute of material facts, and the right to the writ depends purely upon a question of law. It does not do away with the necessity of conforming to the regular rules of practice outlined by the Code of Civil Procedure in the commencement of the action or special proceeding.

It seems clear, even should the question of practice be waived, that, the moving papers and affidavits of both parties being taken into consideration, there is no justification for a peremptory writ of mandamus to issue. There are questions of fact raised which may not be summarily disposed of by the court. A considerable portion of the complaint is made on information and belief, and is not, therefore, to be treated as an affidavit, under the rule laid down in Cushing v. Ruslander, 49 Hun, 19, 23, 1 N. Y. Supp. 505. The answer is for the most part a denial of the allegations of the complaint, while the affidavits of the defendants, which, for the purposes of the proceeding, are to be regarded as being true (People v. Richards, 99 N. Y. 620, 1 N. E. 258), raise issues which must be determined before a question of law may be said to be presented. See last clause section 2070, Code Civ. Proc.

The order appealed from should be reversed, and the motion for a peremptory writ of mandamus denied, with costs. All concur.