PEOPLE ex rel. DUNPHY et al. v. CHANEY, Town Sup'r.

(Supreme Court, Appellate Division, Third Department. January 18, 1916.)

1. MANDAMUS ☞181—PEREMPTORY WRIT—DRAINAGE PROCEEDINGS—ISSUE OF FACT—STATUTE.

Code Civ. Proc. § 2070, provides that a peremptory writ of mandamus may issue in the first instance only where the applicant's right thereto depends only upon questions of law, and notice of the application has been given to the officer or other person to whom it is directed, and that, except as provided therein, a peremptory mandamus cannot issue until an alternative mandamus has been issued and served and the return day thereof has elapsed. Drainage Law (Consol. Laws, c. 15) §§ 15, 16, gives commissioners in a drainage proceeding the right to demand the issuance of bonds by the supervisor of a town, etc. In mandamus to compel a town supervisor to issue and sell bonds and to turn over the money to the treasurer of the commissioners, the defendant supervisor denied that petitioners had been duly appointed commissioners. *Held* that, as the answer raised an issue of fact as to the commissioners' appointment, the court could not issue a peremptory mandamus and arbitrarily refuse to consider the facts.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 401–404, 406, 408, 409, 418; Dec. Dig. ☞181.]

2. MANDAMUS ☞103—DRAINAGE PROCEEDING—JURISDICTION OF COUNTY COURT.

Code Civ. Proc. § 1991, declares mandamus to be a state writ; and section 1994 provides that, when awarded on application of a private person, it must show that it was issued upon the relation of that person. Section 2070 provides that the writ shall issue only where applicant's right depends upon questions of law, and notice is given to the one to whom it is directed, and that a peremptory mandamus cannot issue until an alternative mandamus has been served and its return day has elapsed; and section 2068 declares that the County Court, except where specifically authorized has no jurisdiction of mandamus. Drainage Law (Consol.

Laws, c. 15) § 35, provides that, if it is determined that any town shall pay any part of the expense of drainage undertaken by a commission, it may borrow money; section 36 provides that, if assessments extend over a series of years, the supervisor, upon certification thereof, shall issue bonds of the town, and that the court in which the proceeding is pending may by mandamus enforce compliance with the law; and sections 15, 16, give the commissioners in such a proceeding the right to demand the issuance of bonds by the supervisors, etc. *Held*, that the authority given by section 36 is limited to bonds provided for by that section, and has no relation to the bonds contemplated by sections 15 and 16, so that as to such bonds the County Court had no jurisdiction to issue peremptory mandamus to compel the town supervisor to sell bonds and turn over the proceeds to the commissioners.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 220-222; Dec. Dig. ☜103.]

Appeal from St. Lawrence County Court.

Mandamus by the People of the State of New York, on the relation of John Dunphy and others, as commissioners in the matter of the petition of Henry Bullis for the drainage of land in Canton, N. Y., against Ceylon G. Chaney, as Supervisor of the Town of Canton, N. Y. From an order directing a writ of peremptory mandamus to issue against defendant, he appeals. Order reversed.

Argued before LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Abbott & Dolan, of Gouverneur (Vasco P. Abbott, of Gouverneur, of counsel), for appellant.

D. B. Lucey and Thomas Spratt, both of Ogdensburg, for respondents.

WOODWARD, J. The petition in this proceeding alleges that "the petitioners were heretofore duly appointed such commissioners, by an order of the County Court made in the above-entitled matter, for the purpose of ascertaining whether the lands in the above-entitled matter should be drained," and various other matters relating to a proceeding instituted under the provisions of the Drainage Law, and prays:

"That an order may be made, directing the issue of a peremptory writ of mandamus, under the seal of this court, commanding Hon. Ceylon G. Chaney, as supervisor of the town of Canton, to immediately issue and sell bonds of said town, and turn the money over to the treasurer of this commission, in accordance with the Drainage Law of this state, supplemented and amended by chapter 523 of the Laws of 1901 and chapter 75 of the Laws of 1904."

The answer to the petition "denies that the petitioners were duly appointed commissioners in the above-entitled matter," and further "denies that the supervisor of the town of Canton contested the account of the said commissioners, but alleges that said supervisor appeared specially for the purpose of raising objections to the jurisdiction of the court and to the regularity of the proceeding." It then sets up matter in defense, indicating that the commissioners have heretofore attempted to procure the issuing of bonds for this work, and that they have been defeated in litigation in connection therewith, though the issue is by no means made clear.

[1] The learned County Court appears to have overlooked the fact of the positive denial of the due appointment of the commissioners, and has issued an order directing that a peremptory writ of mandamus issue as prayed for, and the supervisor of the town of Canton appeals from the order. The right of the commissioners to demand the issuing of bonds, under the provisions of sections 15 and 16 of the Drainage Law, must, of course, depend upon the question of whether the commissioners were duly appointed. The proceeding is entirely statutory, and the legal appointment of the commissioners is essential to the jurisdiction of such commission to incur any debts, and when the averment of the petition that the "petitioners were heretofore duly appointed such commissioners" was put in issue by a positive denial, no court would have authority to issue a peremptory writ. This writ issues in the first instance only where the applicant's right to the mandamus depends only upon questions of law, and notice of the application has been given to the judge or court, or to the corporation, board, or other body, officer, or other person, to which or to whom it is directed (Code of Civil Procedure § 2070), and except as prescribed in this section (section 2070), or by special provision of law, a peremptory mandamus cannot be issued, until an alternative mandamus has been issued and duly served, and the return day thereof has elapsed (Code of Civil Procedure, § 2070: Matter of Grady, 15 App. Div. 504, 506, 44 N. Y. Supp. 578, and authorities there cited; People ex rel. Doran v. Harwick, 48 App. Div. 559, 561, 62 N. Y. Supp. 897, and authorities there cited). Here the issue of fact was raised by the answer whether the commissioners were duly appointed or not, together with other matters going to the facts upon which the right demanded must rest, and it was not for the court to arbitrarily refuse to consider the facts.

[2] But it seems to be supposed that the County Court was specially authorized by law to compel action in this manner, because it is provided in section 36 of the Drainage Law that the court having jurisdiction of the proceeding shall have power to proceed by mandamus. But if we stop to read the statute carefully we shall find that it is limited to the bonds provided for under that particular section, and has no relation whatever to the bonds contemplated by sections 15 and 16 of the act, and which are the bonds which are sought to be forced into being in this proceeding. Section 35 of the Drainage Law provides that, if it is determined that any town or village shall pay any part of the sum necessary to carry out the drainage undertaken by the commission, such town or village may borrow money, and the same is to be provided for out of the tax levy. Section 36 then provides that if the assessments are to extend over a series of years, as may be done, then the fact is to be certified to the supervisor of the town, and such supervisor "shall thereupon immediately issue bonds of the town to the total amount named in said statement filed by said commissioners"; and it is in respect to these bonds, constituting the direct obligation of the town, as distinguished from the mere collateral obligations provided by sections 15 and 16 of the act (People ex rel. Moller v. Marsh, 21 App. Div. 88, 92, 47 N. Y. Supp. 395), that the statute provides that:

"The court in which the proceeding is pending shall have jurisdiction, by mandamus, upon the petition of any party aggrieved to enforce the prompt compliance of any of the provisions of this section on the part of any official charged therewith."

The power is by its terms confined to granting relief upon petition to any party aggrieved "to enforce the prompt compliance of any of the provisions of this section on the part of any official charged therewith." Clearly this does not give the County Court jurisdiction, on petition, to grant a peremptory writ of mandamus to compel compliance with the provisions of sections 15 and 16 of the act. A writ of mandamus is a state writ (Code of Civil Procedure, § 1991), and a state writ must be issued in behalf of the people of the state, and where the writ is awarded upon the application of a private person it must show that it was issued upon the relation of that person (Code of Civil Procedure, § 1994). This is not dispensed with by anything in the provisions of section 2070 of the Code of Civil Procedure (People ex rel. Doran v. Harwick, 48 App. Div. 559, 62 N. Y. Supp. 897), and it cannot be granted in an action (People ex rel. Doran v. Harwick, supra). Moreover, the County Court, except where specially authorized by law, has no jurisdiction of mandamus. Code of Civil Procedure, § 2068. It is authorized, in the enforcement of the provisions of section 36 of the Drainage Law, to make use of mandamus; but, being limited by its language to the enforcement of the rights established by that section, it must, under the maxim "Expressio unius est exclusio alterius" (Aultman & Taylor Co. v. Syme, 163 N. Y. 54, 57, 57 N. E. 168, 79 Am. St. Rep. 565), exclude all further power on the part of the County Court, and if further compulsory process is needed it must be sought in the regular channel, as in People ex rel. Moller v. Marsh, 21 App. Div. 88, 47 N. Y. Supp. 395.

The order appealed from should be reversed, with costs. All concur.