GEORGE PROCTOR & another *vs.* BARTHOLOMEW J.
HARTIGAN.

Suffolk.    Jan. 21. — June 24, 1885.    FIELD, DEVENS, & COLBURN, JJ.,
absent.

In an action by the payee against the acceptor of an order, above whose accept-
ance were written the words, "To be paid out of the last payment," a written
contract, existing at the time of the acceptance, between the acceptor and the
drawer, for the erection of a house, and a conversation, before the acceptance,
between the parties to the order and the acceptor's architect, referring to the
contract, are admissible in evidence to aid in the construction of the order.

CONTRACT against the defendant, as acceptor of the follow-
ing order :

"$500.                                Boston, August 19, 1882.

"Bartholomew J. Hartigan, pay to the order of Proctor &
Drummey five hundred dollars, value received; and charge the
same to account of

James Walsh.

"To be paid out of the last payment.
"I accept this order.

B. J. Hartigan."

Answer, that the acceptance was conditional, and that the
words "To be paid out of the last payment" related to and de-
pended upon the performance of a contract, which, at the time
of said acceptance, was in force between said Walsh and the
defendant; that Walsh, before the completion of the contract,
left for parts unknown, and failed to comply with the terms of
the contract; and that, in consequence of said breach on the
part of Walsh, no last payment became due and payable to him
or to the plaintiffs.   By the terms of the contract, a copy of
which was annexed to the answer, Walsh agreed to build a
house for the defendant, for $2700, and the defendant agreed to
pay him therefor in instalments, the last two being $600 on the
completion and acceptance of the building, and $800 in thirty-
one days thereafter.

Trial in the Superior Court, before *Mason*, J., who allowed
a bill of exceptions, in substance as follows :

The plaintiffs put in evidence the order, the signatures there-
on being admitted, and also proved that, after the acceptance of

said order by the defendant, the defendant was owing Walsh, and paid to him of said debt the sum of $500, which was the last payment actually made by the defendant to Walsh; and that, after the acceptance of the order, the plaintiffs, relying on said acceptance, sold and delivered lumber to said Walsh, which was used in the construction of the defendant's house, and made demand upon the defendant for payment of the order both before and after the completion of the house.

The defendant offered evidence of a conversation between the defendant, one Lafield, the defendant's architect, said Walsh, and one of the plaintiffs, prior to the acceptance of said order, and relating to such acceptance, to show that Lafield then told the defendant that he could accept the order, to be paid out of the last payment called for by his contract with Walsh; that the plaintiff, Proctor, then assented thereto, provided his partner would assent, and, after conference with his partner, did assent to such acceptance, and that thereupon the defendant signed the acceptance. The defendant also offered to put in evidence the written contract between himself and Walsh. The judge excluded the evidence of the conversation offered, and also the contract.

The evidence showed a failure on the part of Walsh to complete the defendant's house. The evidence was conflicting whether the plaintiffs knew of the contract between Walsh and the defendant prior to the acceptance of the order; also, whether the words " To be paid out of the last payment " were written at the time of the acceptance, or prior to the presentation of the order to the defendant.

The defendant asked the judge to instruct the jury that the acceptance was conditional, and that the plaintiffs could not recover until the last payment provided for in the contract between the defendant and Walsh was due; but the judge declined to give such instruction, and ruled that the acceptance was unconditional. The jury returned a verdict for the plaintiffs for the amount of the order, with interest; and the defendant alleged exceptions.

*J. F. Cronan*, for the defendant.

*R. Lund*, for the plaintiffs.

W. ALLEN, J.   The words "To be paid out of the last pay-
ment" were part of the defendant's contract of acceptance;
and evidence of the contract between the drawer and drawee,
and of the conversation between the parties refering to it, was
competent to aid in the construction of the writing by showing
the facts and circumstances under which it was made.   See
*Franklin Savings Institution* v. *Reed*, 125 Mass. 365; *Stoops* v.
*Smith*, 100 Mass. 63.                     *Exceptions sustained.*