EDWARD A. CALAHAN, Respondent, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

*New York city — action for services rendered to the board of fire commissioners — failure to record a resolution of such board reciting such employment — oral evidence establishing the passage of such resolution.*

In an action for services rendered by the plaintiff as an electrical expert for the city of New York under the alleged direction of the board of fire commissioners, a defense that he was not employed by any competent authority to do the work is not established where it appears that, although, during the time that the plaintiff was at work, there was not upon the record of the board of fire commissioners any entry of a resolution pursuant to which he was employed, a resolution was subsequently passed by that board reciting the passage of a

resolution employing the plaintiff at ten dollars a day (which resolution, on account of the absence of the secretary, was not entered upon the minutes), and amending the minutes accordingly, and where it further appears, by the testimony of the president of the board, that such resolution had been adopted. · In such a case the president of the board may testify to the passage of the resolution and his testimony is not objectionable on the ground that it varies the record.

Appeal by the defendant, The Mayor, Aldermen and Commonalty of the City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 4th day of April, 1898, upon the verdict of a jury, and also from an order entered in said clerk's office on the 7th day of April, 1898, denying the defendant's motion for a new trial made upon the minutes.

*Theodore Connoly,* for the appellant.

*Lorenzo Semple,* for the respondent.

Rumsey, J.:

This action was brought to recover for certain work done by the plaintiff for the defendant, as an electrical expert. There is substantially no dispute as to the facts. On the 20th of May, 1895, the board of fire commissioners passed a resolution to invite the attendance of an electrical expert at a meeting to be held on the twenty-first of the month. The plaintiff was present at that meeting. Subsequently the plaintiff worked as an electrical expert for the city under the direction of the board of fire commissioners, one hundred and twenty-six days, for thirty-seven of which he received payment at the rate of ten dollars a day. He claims that he was employed by the board of fire commissioners to do the work for that price, and he brings this action to recover his compensation for eighty-nine days, the remainder of the time during which he worked, and for which he was not paid. The defense was, substantially, that the plaintiff was not employed by any competent authority to do this work. During the time that the plaintiff was at work there was not upon the record of the board of fire commissioners any entry of the resolution pursuant to which he was employed; but on the 22d day

of July, 1896, a resolution was passed by that board reciting that on the 21st of May, 1895, Calahan had been employed as an electrical expert at ten dollars a day and that at that time, on account of the absence of the secretary, no minute of said employment was made upon the minutes of that meeting, and amending the minutes of that meeting by adding to them the statement that, by a resolution of the board, it was duly determined that E. A. Calahan be employed as an electric expert to aid the board in the investigation of the bureau of fire alarm, telegraph and fire appliances, his compensation to be at the rate of ten dollars a day. This resolution was offered in evidence upon the trial. It was objected to by the defendant, but his objection was overruled, and the resolution was received.

In addition to that, the president of the board of fire commissioners testified to the passage of the resolution for the employment of the plaintiff, substantially as it was recited in the resolution of July 22, 1896, but that it did not appear on the original minutes of the board because of the absence of the secretary. This evidence, also, was objected to upon the ground, as claimed by the defendant, that it was not competent to vary the record by parol testimony. His objection was overruled and the evidence was received under his exception, and the defendant relies upon the correctness of these two rulings to reverse the judgment. The right of the plaintiff to recover in this action depends upon the fact that he was lawfully employed at the agreed compensation and that he did the work, and not at all upon the fact that the minutes of the board of fire commissioners are properly kept, or whether they are kept at all. It was no part of his duty to keep them, nor had he any right to interfere with them, nor had he any way of ascertaining whether the resolution was entered upon the minutes. If the resolution was passed and he did the work in pursuance of it, he was entitled to recover without regard to the question whether the secretary of the board had done his duty in keeping accurate minutes. (*Bigelow* v. *Perth Amboy*, 25 N. J. Law, 297; *Moore* v. *The Mayor*, 73 N. Y. 245.) He was not precluded by the fact that nothing appeared in the minutes upon the subject. There is no statute making the record of the board of fire commissioners the only evidence of the passage of a resolution, but the plaintiff is at liberty, if it becomes necessary for him to make proof

of that fact, to prove it just as any other fact might have been proved. It was competent, therefore, for him to establish by the testimony of the president of the board, as he did, that the resolution was passed; and that evidence was not objectionable because it varied a record. Parol evidence may always be received to show that a resolution was passed by a municipal corporation authorizing certain work to be done, if the records fail to show it. (Dillon Mun. Corp. [4th ed.] §§ 300, 301.)

There can be no doubt, either, of the power of the board to amend its minutes, if such amendment became necessary. (Dillon Mun. Corp. [4th ed.] § 297.)

The evidence objected to was, therefore, competent and properly received, and the judgment and order must be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, INGRAHAM and MCLAUGHLIN, JJ., concurred.

Judgment and order affirmed, with costs.