## CALAHAN v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    November 11, 1898.)

BOARD OF FIRE COMMISSIONERS—EVIDENCE OF RESOLUTION.

Though a resolution of the board of fire commissioners under which plaintiff was employed was not entered on its minutes at the time, it may be proved by testimony of the president of the board, and by a subsequent resolution of the board amending its minutes to show it.

Appeal from trial term, New York county.

Action by Edward A. Calahan against the mayor, aldermen, and commonalty of the city of New York.   From judgment on a verdict for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Theodore Connoly, for appellant.

Lorenzo Semple, for respondent.

RUMSEY, J.   This action was brought to recover for certain work done by the plaintiff for the defendant as an electrical expert.   There is substantially no dispute as to the facts.   On the 20th of May, 1895, the board of fire commissioners passed a resolution to invite the attendance of an electrical expert at a meeting to be held on the 21st of the month.   The plaintiff was present at that meeting.   Subsequently the plaintiff worked as an electrical expert for the city, under the direction of the board of fire commissioners, 126 days, for 37 of which he received payment at the rate of $10 a day.   He claims that he was employed by the board of fire commissioners to do the work for that price, and he brings this action to recover his compensation for 89 days, the remainder of the time during which he worked, and for which he was not paid. The defense was, substantially, that the plaintiff was not employed by any competent authority to do this work.   During the time that the plaintiff was at work there was not upon the record of the board of fire commissioners any entry of the resolution pursuant to which he was employed, but on the 22d day of July, 1896, a resolution was passed by that board reciting that on the 21st of May, 1895, Calahan had been employed as an electrical expert at $10 a day, and that at that time, on account of the absence of the secretary, no minute of said employment was made upon the minutes of that meeting, and amending the minutes of that meeting by adding to them the statement that by resolution of the board it was duly determined that E. A. Calahan be employed as an electrical expert to aid the board in the investigation of the bureau of fire-alarm, telegraph, and fire appliances, his compensation to be at the rate of $10 a day.   This resolution was offered in evidence upon the trial.   It was objected to by the defendant but its objection was overruled, and the resolution was received.   In addition to that, the president of the board of fire commissioners testified to the passage of the resolution for the employment of the plaintiff, substan-

tially as it was recited in the resolution of July 22, 1896, but that it did not appear on the original minutes of the board because of the absence of the secretary. This evidence also was objected to upon the ground, as claimed by the defendant, that it was not competent to vary the record by parol testimony. His objection was overruled, and the evidence was received under his exception, and the defendant relies upon the correctness of these two rulings to reverse the judgment. The right of the plaintiff to recover in this action depends upon the fact that he was lawfully employed at the agreed compensation, and that he did the work, and not at all upon the fact that the minutes of the board of fire commissioners are properly kept, or whether they are kept at all. It was no part of his duty to keep them, nor had he any right to interfere with them, nor had he any way of ascertaining whether the resolution was entered upon the minutes. If the resolution was passed, and he did the work in pursuance of it, he was entitled to recover, without regard to the question whether the secretary of the board had done his duty in keeping accurate minutes. Bigelow v. Inhabitants of City of Perth Amboy, 25 N. J. Law, 297; Moore v. Mayor, etc., 73 N. Y. 245. He was not estopped by the fact that nothing appeared in the minutes upon the subject. There is no statute making the record of the board of fire commissioners the only evidence of the passage of a resolution, but the plaintiff is at liberty, if it becomes necessary for him to make proof of that fact, to prove it just as any other fact might have been proved. It was competent, therefore, for him to establish by the testimony of the president of the board, as he did, that the resolution was passed, and that evidence was not objectionable because it varied a record. Parol evidence may always be received to show that a resolution was passed by a municipal corporation authorizing certain work to be done, if the records fail to show it. Dill. Mun. Corp. (4th Ed.) §§ 300, 301. There can be no doubt, either, of the power of the board to amend its minutes, if such amendment became necessary. Id. § 297.

The evidence objected to was therefore competent, and properly received, and the judgment and order must be affirmed, with costs. All concur.