EHRLICH v. CHEVRA AGUDAS ACHIN AUSHI WIZNA.

(Supreme Court, Appellate Term. February 23, 1904.)

1. CORPORATIONS—ACTION FOR SERVICES—EMPLOYMENT—PAROL EVIDENCE.

In an action against a corporation for services, parol evidence that a resolution was passed authorizing plaintiff's employment was inadmissible in the absence of a foundation, by showing that the corporation's minutes had been called for and not produced, or that the minutes failed to contain any record of the resolution which had in fact been passed.

2. SAME—ESTOPPEL.

Where, in an action for services rendered a corporation, it did not appear that the corporation as such accepted the services, or that they were of value to it as a corporation, it was not estopped to dispute plaintiff's employment.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Simon Ehrlich against Chevra Agudas Achin Aushi Wizna. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Samuel F. Hyman, for appellant.
Simon Rasch (Joseph Wilkenfeld, of counsel), for respondent.

PER CURIAM. We think the judgment must be reversed for the failure of the plaintiff to show his alleged employment by proper evidence, notwithstanding the defendant's objection. The objection was made to oral proof of the resolution claimed to have been passed on the ground that the record of the meeting was the best evidence. Nevertheless, oral evidence was admitted without laying the usual foundation by showing that the minutes had been called for, and not produced, and without showing that the minutes failed to contain any record of a resolution that had in fact been passed. Where the minutes are silent as to a transaction claimed to have occurred, oral evidence is admissible (Trustees of St. Mary's Church v. Cagger, 6 Barb. 577, 580; Moss v. Averell, 10 N. Y. 449, 454; Morrill v. C. T. Segar Mfg. Co., 32 Hun, 543; Calahan v. The Mayor, 34 App. Div. 344, 54 N. Y. Supp. 279, and authorities cited); but we are aware of no authority for such evidence when it does not appear that there was any omission or error in the records as kept.

In support of the judgment it is urged that the defendant is estopped from disputing the plaintiff's employment by the acceptance of his services, but the difficulty is that there is no evidence that the corporation as such accepted those services, or that they were of value to it as a corporation, but only to certain members, who took and passed the physical examination, which was apparently held to de-

termine the physical fitness of those examined to join another order. The judgment should be reversed, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.