### RIVERSIDE TP. v. STEWART.

(Circuit Court of Appeals, Third Circuit. February 16, 1914.)

No. 1789.

1. Towns (§ 62*)—Claims—Presentation to Town Board—Necessity.

Act N. J. April 4, 1871 (P. L. 92), providing that it shall not be lawful for the board or council of a town or the commissioners of a county, etc., to pay or disburse public moneys to any person unless he shall have first presented a detailed bill or items or demand specifying how such bill or demand is made up, and the dates and the names of the persons to whom the amounts composing the bill were severally paid, with affidavit, etc.,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

has no application to a disputed claim against a town for money due un-
der a sewer construction contract.

[Ed. Note.—For other cases, see Towns, Cent. Dig. §§ 105–109; Dec. Dig.
§ 62.*]

2. EVIDENCE (§ 445*)—PAROL EVIDENCE—TOWNSHIP BOARD—MINUTES.

Where a township board at a regular meeting granted a sewer con-
tractor who was present an extension of time, but the clerk, acting under
directions, did not record the extension in the minutes, but at once made
a note on the calendar so as to refer to it when the extension had ex-
pired, the contractor having acted under the extension was entitled to
prove the same by parol in defense of a claim by the town for a penalty
for delay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2052–2065; Dec.
Dig. § 445.*]

3. TOWNS (§ 24*)—ACTS OF TOWNSHIP BOARD—FAILURE TO RECORD.

Rights of a third-person dealing in good faith with a municipality can-
not be prejudiced by the omission of the township board to record a cor-
porate action properly taken.

[Ed. Note.—For other cases, see Towns, Cent. Dig. §§ 34, 35; Dec. Dig.
§ 24.*]

4. TOWNS (§ 42*)—PUBLIC IMPROVEMENTS—EXTRAS—CONTRACT—WAIVER.

A provision of a municipal sewer contract that the contractor, in order
to receive payment for extra work, must present a bill for extras accom-
panied by an order in writing from the engineer and the township com-
mittee, etc., was one which the township could waive and was waived by
direction of the township committee and the engineer, and the contractor
at a regular meeting was directed to proceed to include the extras; they
saying that "their word was as good as their contract."

[Ed. Note.—For other cases, see Towns, Cent. Dig. § 77; Dec. Dig.
§ 42.*]

In Error to the District Court of the United States for the District
of New Jersey; John Rellstab, Judge.

Action by James F. Stewart against the Township of Riverside.
Judgment for plaintiff, and defendant brings error. Affirmed.

G. Dore Cogswell and Gaskill & Gaskill, all of Camden, N. J., for
plaintiff in error.

Bleakly & Stockwell, of Camden, N. J., for defendant in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit
Judges.

BUFFINGTON, Circuit Judge. In the court below, the plaintiff,
James F. Stewart, a citizen of Pennsylvania, brought suit against the
township of Riverside, a corporate citizen of New Jersey, to recover
a balance alleged to be due for the construction of a sewerage system
for the township under a written contract and for certain extra work
in addition. The case virtually involved proofs as to the whole con-
tract, and the taking thereof occupied two weeks. The court, with
the aid of counsel, then systematized the evidence, preparing tables
showing what items were conceded, what were in question, and, when
in question, the respective contentions of the parties. In this way the
court in its charge started with a balance of $9,683.83 in favor of the
plaintiff based on a final estimate of the engineer made April 15, 1910.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

To this were added 12 items of conceded extras aggregating $134.44, shown in schedule A. In addition to this, the plaintiff claimed $1,084.57 for extra items shown in schedule B, which defendant contended were foreclosed and eliminated by the measurements and estimates of the engineer. The plaintiff also claimed $484.70 for materials furnished, shown on schedule C, concerning which the only dispute was as to the price. The plaintiff also claimed $7,633.75 shown in schedule D, which was for extra work not covered by the contract. It will thus be seen the aggregate of the plaintiff's claim was $19,020.79. On the part of the defendant it was contended, inter alia, that plaintiff had never completed the contract and was not entitled to maintain his action by reason thereof, and by reason of the further fact that he had not, before suit brought, presented his claim, verified, by affidavit, to the township authorities. As to the extras, the township defended on the ground that they were not authorized in writing as provided by the contract. The township further claimed to offset plaintiff's claim by $10,725, being for the plaintiff's alleged delay of 429 days at the rate of $25 per day, the sum stipulated in the contract for delay in completing the work. The defendant also claimed a credit of $395.94, being the difference between $1,257.94, which the defendant claimed, and $862, which plaintiff allowed and credited for certain articles supplied by defendant. The defendant also claimed $2,352.87 for certain sand, which sand each party averred the other was bound to furnish. Against the imposition of the penalty of $10,725 the plaintiff defended on the ground that such delay as there was, was not a delay of anything provided for in the contract, but grew out of the extra work the defendant authorized, and that the defendant duly authorized an extension of the contract date of performance. The jury found a verdict for plaintiff of $13,630. On entry of judgment thereon for such sum, with interest, in all $15,470.39, defendant sued out this writ.

Under the charge of the court, the facts of the substantial performance of the contract by the plaintiff, that the extras were ordered by the township committee, in their corporate capacity, that they waived the contract requirement of written authorization and also waived and extended the contract date of performance, have all been settled in favor of the plaintiff by the verdict. The writ of error raises, however, certain questions of law to which we now turn.

[1] The first question challenges the right of the plaintiff to maintain this suit. The New Jersey Act of April 4, 1871 (P. L. 92), provides:

"That it shall not be lawful for the board of chosen freeholders, or the township committee, or common council, or commissioners of any county, city, township, town or borough in this state to pay or disburse out of any of the moneys of the said county, city, or town, or township, or borough, to any person, unless the person claiming or receiving said moneys shall first present to the party or parties paying any such moneys a detailed bill of items or demand, specifying particularly how such bill or demand is made up, and the dates and the names of the persons to whom the amounts composing such bill or demand were severally paid, with the affidavit of the party claiming payment of said bill or demand that the same is correct, that any disbursing officer is authorized to take said affidavit without cost."

It is conceded that Stewart presented to the township no verified statement of his claim before suit. The proofs show that prior to suit the township denied it owed him anything and indeed claimed to recover a large sum against him. The contention of the defendant that this action would not lie the court below denied, saying:

"The manifest purpose of the statute, viz., the enjoined payment of moneys without sworn proof of the correctness of the claim in detail, does not contemplate a case where the plaintiff's claim is totally repudiated, and he is relegated to an action at law to prove it, wherein sworn proof of his claim in detail is necessary to reduce it to judgment."

We find no error in the court's so holding. Clearly this act was meant to create certain statutory requirements in the absence of which municipal boards could not pay public money to any one. It was meant to cover cases where the money was being paid, to forbid its being paid until these statutory prerequisites were observed, and "to protect the body that audits its bills by giving them the protection of a sworn claim." Wahl v. Atlantic City (N. J.) 85 Atl. 1024. The purpose of that statute to prevent improper municipal payments, and the mischief it was meant to prevent, had no application where such municipality was not only refusing to pay but denying liability. No reason is now suggested why a person, payment of whose claim is contested, should, in order to enable him to sue, be required to present a verified statement thereof to the municipality. This holding has the support of Downie v. Passaic, 54 N. J. Law, 223, 23 Atl. 954, where the Supreme Court held that:

"The statutory prohibition seems to be applicable when a claim is undisputed; a verification of an account can serve no useful purpose when the debt is wholly repudiated and the creditor is obliged to prove the justice of his demand in a court of law."

[2, 3] The next question refers to the admission of oral testimony which, it is alleged, wrongfully was allowed to supply or vary the recorded minutes of the township. Briefly stated, it appears that, Stewart having been directed to do some extra work not provided for in the contract, evidence was admitted to show that at a regular meeting of the township board, the board, by corporate action, granted Stewart, who was present, an extension of time. The evidence further tended to show that acting under directions the clerk did not record such action of the committee in the minutes, but at once and by direction made a note "on the calendar, July 26th, so as to refer to it when the six weeks had expired." The plaintiff having acted thereunder, and there being no question of the good faith of all parties in the matter, we think the court committed no error in admitting testimony to show that proper corporate action had been taken to extend the time. That the rights of a third person dealing in good faith with a municipality cannot be prejudiced by omission of that body to duly record corporate action taken is well settled. Bank v. Dandridge, 12 Wheat. 64, 6 L. Ed. 552; United States v. Fillebrown, 7 Pet. 28, 8 L. Ed. 596; Bigelow v. Perth Amboy, 25 N. J. Law, 297; Calahan v. The Mayor, 34 App. Div. 344, 54 N. Y. Supp. 279; 2 Dillon on Municipal Corp. (5th Ed.) § 557.

[4] The next question concerns the right of the plaintiff to recover for extras not covered by the contract and for which the plaintiff produced no written order signed by the engineer and the township committee. In that regard the contract provided that the plaintiff should not be entitled "to receive payment for any extra work as extra work unless such bill for extras be accompanied by an order in writing from the engineer and said township committee, who shall fix the price for such work." The court admitted proof which tended to show that at regular meetings of the township committee, and acting as such the committee, the engineer and the plaintiff fully discussed and considered such extra items and work, and the plaintiff was then directed to proceed with them; they saying "their word was as good as their contract." That a contract requirement such as here provided may be subsequently waived by the parties is established by the authorities. Headley v. Cavileer, 82 N. J. Law, 635, 82 Atl. 908; Kilby v. Hinchman, 132 Fed. 960, 66 C. C. A. 67. The court therefore was not in error in admitting testimony tending to show such waiver.

Without entering into a detailed discussion of the other questions raised and ably argued by counsel, we content ourselves with saying that they have all been duly considered, with the result that we find no sufficient reason for disturbing this judgment; which was reached after a patient and protracted trial and subjecting the parties to the expense, delay, and labor of another trial.

The judgment below is affirmed.