## LORD CONST. CO. et al. v. UNITED STATES, to Use of W. E. SEXTON CO., Inc.

Circuit Court of Appeals, Third Circuit.
September 20, 1928.

No. 3643.

Edwards & Smith, of Jersey City, N. J. (Edwin F. Smith, of Jersey City, N. J., of counsel), for plaintiffs in error.

George W. C. McCarter, of Newark, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This case was brought here for the review of a judgment against the defendants, Lord Construction Company and Globe Indemnity Company, in the sum of $39,601.73.

The United States, acting through the Navy Department, was engaged in constructing the naval hangar at Lakehurst, N. J. On March 19, 1921, it entered into a contract with the Lord Construction Company to do certain work in erecting the hangar and upon the grounds surrounding it. The Globe Indemnity Company became surety on the bond given by the Lord Construction Company to the United States for the faithful performance of the contract, and was joined as defendant because of the liability it thus assumed.

On April 2, 1921, the Lord Company entered into a contract with the W. E. Sexton Company, plaintiff below, wherein it was agreed that the Sexton Company should perform certain parts of the work included in the contract between the Lord Company and the United States. After some of the work had been done, difficulties arose between the plaintiff and defendant Lord Company, and on July 23, 1921, they entered into another contract covering the same work which was included in the old contract, but it was stated with greater detail and formality.

The Sexton Company then began to perform the work specified in the contract and continued it until February 3, 1922, when difficulties again arose and the Lord Company terminated the contract.

The Sexton Company thereupon brought suit against the defendants under the authority of the Act of August 13, 1894, as amended February 24, 1905 (40 USCA § 270), in the name of the United States to its use. It alleged that it had performed all the work "and all conditions and things by it to be performed and done to entitle it to be paid for the said labor and materials." In short, it sued for the balance due it under the contract, for the value of certain work alleged to be extra and for damages it claimed to have sustained by reason of delays occasioned by the Lord Company. The Lord Company, in answer, alleged that the plaintiff defaulted in performing its contract; that it became necessary to terminate the contract, as it could do under the terms thereof, and to complete the work itself, which it did at a cost exceeding the contract price. It denied liability for the extra work, and filed a counterclaim for the excess cost of finishing the work. At the trial, the plaintiff withdrew the claim for damages occasioned by delay. The jury found for the plaintiff on its complaint and against the defendant on its counterclaim.

From the assignments of error, two questions arise: (1) Did the court err in refusing to withdraw four items for extra work from the consideration of the jury? (2) Did the court err in admitting in evidence a letter written by the Public Works officer to the Bureau of Yards and Docks?

The four items of extra work which the court refused to withdraw are: (1) Grading north side of hangar, $6,140.75; (2) excavation north side of hangar, $1,206.80; (3) 31 barrels of cement, $105.40; (4) 914 feet of sewer pipe, $1,096.80."

Defendants say that these charges were admittedly for extra work, and should not therefore have been submitted to the consideration of the jury because the work was not "authorized in writing by the contractor to the subcontractor" as required by the contract, and consequently the plaintiff may not receive compensation for the work done or materials furnished. The plaintiff admits that there was no written order given for the work by the contractor to the subcontractor, but says there was a parol agreement between the parties that the work should be done and the written authorization was thereby waived.

■ A written contract may be waived by a parol agreement, but the evidence establishing it must (1) be clear and of a satisfactory character; (2) clearly show a distinct agreement by the parties that the work shall be deemed extra work; (3) show a definite agreement by the owner or contractor to pay extra for the extra work. Headley v. Cavileer, 82 N. J. Law, 635, 82 A. 908, 48 L. R. A. (N. S.) 564.

■ This was a New Jersey contract, and is to be controlled by the law of New Jersey. If, however, it be contended that it is not a New Jersey contract, then it is controlled by federal decisions, and they are to the same effect. The Sappho, 94 F. 545 (C. C. A. 4); Jefferson Hotel v. Brumbaugh, 168 F. 867 (C. C. A. 4); United Steel Co. v. Casey (C. C. A.) 262 F. 889. In the case of Riverside Township v. Stewart (C. C. A.) 211 F. 873 (a New Jersey case), we said:

"The next question concerns the right of the plaintiff to recover for extras not covered by the contract and for which the plaintiff produced no written order signed by the engineer and the township committee. In that regard the contract provided that the plaintiff should not be entitled 'to receive payment for any extra work as extra work unless such bill for extras be accompanied by an order in writing from the engineer and said township committee, who shall fix the price for such work.' The court admitted proof which tended to show that at regular meetings of the township committee and acting as such the committee, the engineer and the plaintiff fully discussed and considered such extra items and work, and the plaintiff was then directed to proceed with them; they saying 'their word was as good as their contract.' That a contract requirement such as here provided may be subsequently waived by the parties is established by the authorities. Headley v. Cavileer, 82 N. J. L. 635, 82 A. 908 [48 L. R. A. (N. S.) 564]; Kilby v. Hinchman,

132 F. 960, 66 C. C. A. 67. The court therefore was not in error in admitting testimony tending to show such waiver.''

■■■ If there was a parol agreement, the items for extra work should not have been withdrawn from the jury. Whether or not there was such agreement authorizing these extras and waiving written authorization ''by the contractor to the subcontractor'' was a question for the determination of the jury. The verdict shows that the jury found there was such an agreement. There was testimony sufficient to support its finding. The verdict therefore settles the fact.

■ Did the court err in admitting the letter of the Public Works Officer to the Bureau of Yards and Docks? The plaintiff, Sexton Company, alleged in its complaint that it had performed the work and furnished the materials in accordance with the contract. This was denied by defendant in its answer. Nonperformance of the contract by the plaintiff therefore was a defense, and constituted one of the issues between the parties at the trial. The question is whether or not the plaintiff performed the work within the time specified in paragraph 2 of the contract, which provides that:

''2. As the time of completion is the essence of this contract the several portions of the work shall be finished as per the following schedule A:

| | | |
|---|---|---|
| Trench to hangar | Aug. | 20, 1921 |
| Main trenches to quarters | Sept. | 3, 1921 |
| Branch trenches | Sept. | 3, 1921 |
| Trench covers | Sept. | 10, 1921 |
| Storm water | Aug. | 15, 1921 |
| All water lines | Aug. | 20, 1921 |
| Sewer lines | Aug. | 15, 1921 |
| Hydrogen gas | Aug. | 23, 1921'' |

These times, however, were not absolute. It was felt by the parties that there might be a necessary delay occasioned through no fault of the plaintiff, for in this same paragraph 2, immediately following the above provision, it is further provided that:

''In the event of delay, occasioned through no fault of the subcontractor, it is understood that an extension of time is to be made in the above schedule, in order to give the subcontractor the same amount of time to complete the various portions of the work as contemplated in the above schedule A. Subcontractor to notify contractor in writing, when extension of time is desired.''

As contemplated, a delay did occur and the work specified in paragraph 2 was not completed within the times mentioned therein. The delay, however, was ''occasioned through no fault of the subcontractor and the defendant, which was the general contractor, pursuant to general provision 12, relating to ''extension of time'' of performing the contract, wrote to the Public Works officer, and among other things said:

''We claim extension of time for the following causes:

''(a) Radical changes from the original design of installation.

''(b) Replacement by us of government material found defective.

''(c) Delays due to material, work, and equipment of other contractors on the line of our work.

''(d) Delays due to the time required in having details of proposed changes and additions made satisfactory to the Bureau and the Public Works officer for authorization to proceed with affected ordering material required both on the original and the revised work.

''(e) Large amount of work added to our contract after contract time had more than half expired.

''(f) Interferences between our work and that of other contractors preventing rapid progress on our work.

''(g) Complete disorganization and partial cessation of work on original contract to finish within 60 days work under 4378X and 4378Y.''

This letter, in accordance with general provision 12, was directed to E. L. Marshall, Public Works officer, Naval Air Station, Lakehurst, N. J., who in turn wrote to the Bureau of Yards and Docks of the Navy Department, recommending that the extension be granted. R. E. Bakenhus, assistant to an acting chief of the Bureau wrote in reply that:

''In view of these circumstances (related by the defendant in its letter to the Public Works officer and by him to the Bureau of Yards and Docks), the delay in completion is regarded as unavoidable on the part of the contractor, and final payment under the contract as modified by changes is accordingly, as recommended, authorized.''

We do not think that there was anything whatever in the letter of the Public Works officer to the Bureau of Yards and Docks that prejudiced the defendants. It was, in substance, a mere reiteration of what the Lord Construction Company had written to the Public Works officer with his recommendation based thereon. Even if the admission of the letter was erroneous, the error was technical and harmless. ''Technical errors, defects, or exceptions, which do not affect the substantial rights of

the parties," are not ground for reversal. Act Feb. 26, 1919 (40 Stat. 1181; 28 USCA § 391); De Jianne v. United States (C. C. A.) 282 F. 737; Thompson v. United States (C. C. A.) 283 F. 895; Monument Pottery Co. v. Imperial Coal Corporation (C. C. A.) 21 F.(2d) 683.

We do not find error justifying reversal, and the judgment is affirmed.