## SUPREME COURT.

### WATSON & GALLUP agt. FULLER & WADSWORTH.

An *injunction* order can only go against a *party* to the action, (*See Code,* §§ 218, 219.)

The *original* injunction order must be shown to the party—service of a copy only, with a notice that it is a copy of the original, is not sufficient.

*Livingston Circuit and Special Term, May,* 1854. Motion for attachment against John Gallentine, Le Grand D. Jennings, and Hiram Barber, for violating an injunction order, made in this action by JOHNSON, Justice, restraining the defendants and all their counsellors, attorneys, solicitors and agents, and especially John Gallentine, a justice of the peace of Monroe county,

and the sheriffs and constables of said county of Monroe, and all others acting in aid or assistance of them, and each and every of them, from disturbing the plaintiffs in the quiet possession and enjoyment of a certain farm in the town of Rush in said county, and from doing any act or thing in the law, or otherwise to remove the plaintiffs therefrom, and from prosecuting them for taking possession of said farm, and for holding possession thereof until, &c.

The motion is *ex parte*, no notice having been given thereof.

Amos Dann, *for the motion.*

Welles, Justice. The motion must be denied. The parties sought to be held in contempt are not parties to the action. This, in my judgment, is fatal. (1 *Maddock's Ch. Prac.* 175, 3*d Lond. ed., p.* 175, *and cases there cited.*)

Independent of the former practice of the court of chancery, I think it is plainly to be inferred from the Code that an injunction order can only go against a party to the action. (§§ 218, 219.)

Again, the papers upon which this motion is founded are insufficient. None of the parties against whom the plaintiffs ask to have the attachment issued have been served with the affidavit upon which it was allowed. (Penfield agt. White, 8 *How. Pr. R.* 87.)

With regard to Le Grand Jennings, there is this further difficulty, that the original injunction order was not shown to him. It only appears that a copy was served, with a notice that it was such copy. This is not sufficient. (Coddington agt. Webb, 4 *Sand. Sup. C. R.* 639.)

And with respect to Hiram Barber, there is the still further difficulty, that it is not shown that any sort of service of the injunction, either by showing the original or delivering a copy, has been made on him.