RENVILLE STATE BANK, Respondent, v. KINSBERG,

County Auditor et al, Appellants.

(166 N. W. 643.)

(File No. 4227.    Opinion filed March 8, 1918.    Rehearing denied May 7, 1918.)

1.   Mandamus—Quashing Petition and Writ—Affidavit, As Basis—Petition, As Affidavit.

A motion to quash a petition for writ of mandamus and

the alternative writ or ground that writ was not issued upon affidavit, is untenable; since the verified petition should be treated as an affidavit for purposes of such action; that a written declaration, properly sworn to, may constitute an affidavit, even though in form of an ordinary pleading.

2. **Drainage—District Assessment, Mandamus to Enforce—Petition, Sufficiency.**

A filed petition in an action for mandamus to compel proper county officials to certify a money assessment of benefits in relation to a specified drainage district, alleging the establishment of the drainage district, that a contract was let to construct the drain, and was assigned to drainage company, that the county commissioners issued to said company, prior to completion of the drain, for services performed by it in constructing the drain, duly executed warrants under seal in about $8000, which were payable out of any unappropriated funds belonging to ditch fund of said district, that said warrants were assigned by said drainage company to petitioner, that no money assessment for benefits has been certified by county commissioners to county treasurer for collection wherewith to create a fund for payment of the warrants, and that the commissioners, although requested have refused to issue the warrants, states facts sufficient to authorize an alternative writ.

3. **Actions—Drainage Assessment, Enforcement of—Ordinary Action, or Mandamus, As Remedy—Statute—County, County Commissioners, Liability of.**

In an action against the county auditor, county treasurer and Board of County Commissioners, to compel them to certify a money assessment of benefits concerning an established drainage district, held, that the defense that the rights of the parties should have been determined by a judgment in an ordinary action, and not in first instance by mandamus, is untenable; since under Laws 1907, Ch. 134, as amended by Laws 1909, Ch. 102, relating to drainage and drainage assessments, the only method provided for creation of a fund for payment of warrants issued thereunder in payment for services in constructing drains, is a money assessment for benefits, certified by board of county commissioners for collection to county treasurer; that mandamus to compel such action, is an appropriate remedy; that no judgment could be obtained against the county, it not being a party to the drainage procedure; nor against the board of county commissioners or the individual members thereof, as they act merely in an official capacity; nor could suit be maintained against county treasurer to pay such warrants without a special fund first created for that purpose.

**4. Drainage—Assessment for Benefits, Mandamus to Enforce—Completion of Ditch as Condition Precedent to Mandamus, Necessity—Statute.**

Under Laws 1907, Ch. 134, as amended by Laws 1909, Ch. 102, Secs. 7-11, the county board are authorized to make assessments prior to completion and during progress of construction of drain, in their discretion; and if contractors are required and agree to accept warrants for services, assessments need not be made until completion of the work; hence held, that completion of the drainage ditch is not a condition precedent to the right of one holding warrants issued for services in constructing a drain, to maintain mandamus to compel certification by county commissioners to county treasurer of a money assessment of benefits in relation to a drainage ditch proceeding.

**5. Same—Benefit Assessments, During Ditch Construction, Or After Completion—Board's Discretion—Evidence, Sufficiency.**

Under Laws 1907, Ch. 134, as amended by Laws 1909, Ch. 102, Secs. 7-11, relating to construction of and payment for drainage ditches, it is discretionary with county board as to whether assessments of benefits for purpose of paying for services in constructing the ditch, should be made during progress of the work prior to its completion, or whether one assessment for the whole cost and expense thereof should be made after its completion.

**6. Same—Assessment of Benefits, Enforcement of—Completion of Ditch, Evidence Concerning, Sufficiency.**

In a proceeding by mandamus to enforce certification by defendants county auditor and county commissioners, of a money assessment of benefits in relation to construction of a ditch in a drainage district, held, that the evidence of record showed construction and completion of the ditch on a certain date, and was so considered by the county board; it appearing that the board had made an assessment to be signed, certified to and collected by county treasurer, but that same never was certified, and that one purpose of the suit is to compel certification; which assessment contained all specifications concerning description of property, names of owners, amount of assessment, and date when delinquent, etc.; that after completion of the ditch, an injunction suit was begun by certain property owners against county board, county auditor and treasurer to restrain defendants from spreading the assessment of record and from collecting same, and to have judicially declared void and illegal all proceedings concerning construction of the ditch, in which suit defendants by answer alleged that said proceedings were legal and valid, and that defendants therein were authorized to certify as a tax against the

lands the amounts expended in construction of the ditch; findings in judgment therein being in favor of defendants, and that the ditch had been substantially completed when said suit was begun.

7. **Same—Assessment of Benefits, Enforcement by Mandamus— Prior Injunction to Restrain, Judgment in for Defendants— Judgment Roll as Evidence in Mandamus Action.**

In an action of mandamus against county auditor, treasurer, and county commissioners, to compel certification of a money assessment of benefits in relation to a drainage ditch construction proceeding, held that the judgment roll in a prior injunction suit by owners of realty in a drainage district, against said defendants, to enjoin spreading of record a drainage assessment, and to have judicially declared void all proceedings concerning construction of said ditch, in which suit findings and judgment were in favor of defendants, was competent evidence to sustain said findings under the issues in the mandamus case; that while such evidence was not conclusive, nor was said judgment res judicata against the defendants therein, the same was prima facie evidence in nature of quasi judicial admissions from which all consequential incidents may be drawn that naturally flow from the acts of said officers taken in the injunction suit; and from said acts as shown by said judgment roll, it might be inferred that the county board, in exercise of statutory discretion, elected to and did make a valid money assessment for such benefits; therefore findings in the present suit, based upon said judgment roll, that such assessment and a levy thereunder had been made, and that the drainage ditch had been substantially completed when injunction suit was begun, is supported by competent evidence.

8. **Evidence—Drainage Ditch Construction Contract, Assignment of—County Auditor's Records, Failure of to Show Transfer— Oral Evidence, Admissibility.**

Where county auditor's record or minutes failed to show assignment of a contract executed in course of construction of a drainage ditch under statutory proceedings, held, that oral evidence was competent to show such transfer was made with knowledge and consent of county board; this in view of the fact that the warrants issued in payment for services in construction of the ditch were issued by county board and made payable to the alleged assignee of said contract; it being the general rule that oral evidence, while not permissable to contradict or vary such official records or minutes, yet where official acts have been performed and records of such acts have been omitted, such omission may be shown by oral testimony, in absence of a prohibitory statute.

Appeal from Circuit Court, Sanborn County.   Hon. FRANK B. SMITH, Judge.

Action in mandamus by Renville State Bank, a corporation of Renville, State of Minnesota, against John Kinsberg, as County Auditor, P. M. Brisbane, as County Treasurer, and C. V. Jacobson, as County Auditor-elect, H. B. Dowdell, as County Treasurer-elect of Sanborn County, State of South Dakota, and Henry Meyers and others as members of the Board of County Commissioners of Sanborn County, and W. F. Briggs and C. D. Thompson as members of the Board of County Commissioners-elect, for Sanborn County, to compel defendants to certify a money assessment of benefits in relation to a certain drainage ditch construction proceeding.   From a judgment for plaintiff, defendants appeal.   Judgment modified, and as modified, affirmed.

*Null & Royhl,* for Appellant.

*Van Slyke & Bartlett,* and *L. D. Barnard,* for Respondents.

(1)  To point one of the opinion, Appellants cited:  26 Cyc. 429; State v. Commissions, 68 N. W., 336; State v. Lincoln, 4 Neb., 260.

Respondent cited:  25 Cyc. 431.

(3)  To point three of the opinion, Appellants cited: Bailey v. Lawrence County, 2 S. D., 533; Custer Co. Bank v. Custer Co., 18 S. D., 274; Stanley Co. v. Jackson Co., 36 S. D., 350; Halverson v. Williams, 160 N. W. 730.

Respondent cited:  Reed v. Helie, (N. D.) 124 N.W. Rep. 1127; Osborn v. Selectmen of Lennox, (Mass.) 2 Allen 207; 19 Amer. & Eng. Cyl. of Law 2d Edition, 795, and cases cited; Hennelman v. Confran, 36 Calif. 411; People ev rel Talbot v. Tontiac, 56 NE. 1114; Conway v. City of Chicago, 237 Ill. 128, 86 NE. 619; Thompson v. Penris Irrigation District 116, Fed. 769; State v. City of Seattle, 85 Pac. 1142 Wash. 370.

(8)  To point eight of the opinion, Appellants cited:  Pol. Code, Secs. 824, 826, 845; Mayhew v. Gay Head, 13 Allen, 129; O'Connell v. Chicago Terminal Transfer R. Co., 184 Ill., 308, 56 N. E., 355; People ev rel. Cline v. Rhodes, 231 Ill., 270, 83 N. E., 176; People ex rel. Greenwood v. Madison County, 125 Ill., 334, 17 N. E., 802; affirming 23 Ill. App. 386.

Respondent cited:  Nickens v. Lewis Company, 62 Pac. 763, (Wash.); Duluth S. S. & A. R. R. Co. v. Douglas Co,

(Wis.) 79 NW. Rep. 34; Sec. 558, Dillon on Municipal Corporations, 5th edition, and cases cited; Chase v. Michigan United States Railway Co., (Mich.) 131 NW. 118; Wheat v. Van Tine, 112 NW. Rep. 933; City of Seattle v. Doran, 5 Wash. 482; 20 Amer. & Eng. Cyl. of Law, 1st Edition, 501, 503; 27 L. R. A. 766.

McCOY, J.   The plaintiff, who is respondent in this court, instituted this action in mandamus to compel the appellants, as defendants, to certify a money assessment of benefits in relation to a drainage district established under the statutes of this state.   There was a trial to the court of the issues, and findings and judgment were in favor of plaintiff, and defendants appeal.

It appears from the record that petition was filed therefor and a drainage district, known as drainage district No. 21 of Sanborn county, established, and that a contract was let to Pence & Pier to construct the drain, which contract to Pence & Pier was thereafter assigned and transferred to the Woonsocket Drainage Company; that the board of county commissioners of Sanborn county thereafter issued to said Woonsocket Drainage Company, for services performed by it in constructing said drain, warrants to the amount of about $8,000, which warrants were in substantially the following form:

"South Dakota.   $400.00.   [Seal of Sanborn County.]   No. 723.   Ditch Warrant.   Woonsocket, Oct. 13, 1910.   Treasurer of Sanborn County, South Dakota:   Pay to Woonsocket Drainage Co. or bearer four hundred and 00-100 dollars out of any unappropriated funds belonging to ditch fund No. 21.   By order of the Board of County Commissioners:   E. F. Watsnauer. Chairman of the Board of County Commissioners.   Countersigned:   Lewis Strand, County Auditor, ———, Deputy."

Said warrants were signed by the chairman of the county board and countersigned by the county auditor, and bore the seal of Sanborn county.   Nearly $8,000, face value, of such warrants were assigned, transferred, and delivered by said Woonsocket Drainage Company to respondent, who became and now is the owner thereof.   It also appears that such warrants were issued and delivered to said Woonsocket Drainage Company prior to the completion of said drain; that no money assessment for benefits has ever been certified by the board of county com-

missioners to the county treasurer for collection for the purpose of creating a fund with which to pay said warrants; and that, although requested to certify such assessment, the board of county commissioners have refused and neglected so to do.

[1, 2]  At the opening of the trial defendants moved to quash the petition and alternative writ upon the ground that the alternative writ was improvidently granted, and particularly that said writ was not issued upon affidavit, and that the facts stated in the petition were not sufficient to entitle plaintiff to the relief sought.  Defendants now assign as error the overruling of said motion.  It is first urged that the writ was not issued upon affidavit.  We are of the opinion that the petition, which was sworn to under oath, should be treated as an affidavit for the purpose of this action.  A written declaration, properly sworn to, may constitute an affidavit, even though in the form of an ordinary pleading.  Woods v. Pollard, 14 S. D. 44, 84 N. W. 214; State v. Peterson, 29 Wash. 571, 70 Pac. 71; 2 C. J. 318. We are also of the opinion that the petition stated facts sufficient to authorize the alternative writ.

[3]  It is also contended by appellants in this connection that the rights of the parties to this action should have been determined by a judgment of the court in an ordinary action and not in the first instance by mandamus.  We are of the view that this contention is not tenable.  As must be observed by a reading of chapter 134, Laws of 1907, as amended by chapter 102, Laws of 1909, the only method provided for the creation of a fund for the payment of such warrants is a money assessment for benefits certified by the board of county commissioners for collection to the county treasurer.  Under this situation of affairs we are of the view that mandamus to compel such action on the part of the county board is an appropriate remedy.  No judgment could be obtained against the county, as the county is not a party at all to such drainage procedure.  No suit for money judgment could be maintained against the board of county commissioners or the individual members thereof, as they were acting merely in an official capacity.  Neither could any action be maintained against the county treasurer to pay such warrants without a special fund first having been created for that purpose.  We are therefore of the view that mandamus was an

available and an appropriate remedy under the circumstances of this case. The following decisions fully sustain this proposition: Reed v. Helie et al., 19 N. D. 801, 124 N. W. 1127; Osborn v. Selectmen of Lenox, 2 Allen (Mass.) 207; People v. Mead, 24 N. Y. 114; State v. Bollinger Co. Court, 48 Mo. 475; People v. Marsh, 21 App. Div. 88, 47 N. Y. Supp. 395; State v. Seattle, 42 Wash. 370, 85 Pac. 11; Himmelmann v. Cofran, 36 Cal. 411; People ev. rel. v. Pontiac, 185 Ill. 437, 56 N. E. 1114; Conway v. Chicago, 237 Ill. 128, 86 N. E. 619; Chicago Library v. Arnold, 60 Ill. App. 328; German Bank v. Spokane, 17 Wash. 315, 49 Pac. 542, 38 L. R. A. 259; Union Trust Co. v. State 154 Cal. 716, 99 Pac. 183, 24 L. R. A. (N. S.) 1111: Redmon et al. v. Chacey, 7 N. D. 231, 73 N. W. 1081.

[4] It is also contended by appellants that there was no competent evidence tending to support the finding that said drainage ditch had been constructed substantially according to the terms and specifications of the contract and that the same had been practically completed at the time the injunction action was instituted; said injunction action having been instituted long before the commencement of this action. This contention brings us for consideration the question and necessity of the completion of the drainage ditch as a condition precedent to respondent's right to maintain this mandamus proceeding. Under the provisions of the statute the board of county commissioners are authorized to make assessments prior to the completion and during the progress of the construction of a drain, as in their discreation they may determine; the statute also provides that if the contractors are required and agree to take warrants for their sevices, which was done in this instance, assessments need not be made until the completion of the work. Under these provisions of the statute it is contended that inasmuch as the work of constructing the drain has never been completed, and inasmuch as it was a discretionary matter on the part of the county board whether or not assessments should be made prior to the completion of the contract work, the board of county commissioners have never been placed in a position where it was their legal duty under the statute to certify an assessment to the county treasurer for collection.

[5, 6] We are inclined to agree with the view that under

the drainage statute it is a discretionary matter with the board of county commissioners whether assessments should be made during the progress of the work prior to its completion, or whether one assessment for the whole cost and expense should be made after the construction work has been completed; but, under the evidence in this case, we are of the view that there was ample evidence to show that the ditch in question had been substantially constructed and completed according to contract prior to August, 1912, and was so considered by the board of county commissioners of said county; that the said board of county commissioners did make an assessment to be filed and certified and collected, as a special tax or assessment, by the county treasurer, but that the same has never been certified, and that one purpose of this suit is to compel such certification. We do not apprehend that a board of county commissioners, after substantial compliance with the contract to construct a drain, could sit down for five or six years and refuse to certify an assessment to the county treasurer and thereby defeat payment to those who had performed the services of substantially constructing said drain.

[7] It appears from the findings in this case, and from the evidence preserved in the record, that the board of county commissioners made an assessment in money benefits, and gave notice that such assessment would be filed with the county treasurer on the 12th day of August, 1912, containing a desc.iption of each parcel of property so assessed, and the name of the owner thereof, and the amount of each assessment, and the date when such assessment would become delinquent, with penalty and interest; that after the drainage ditch had been substantially completed, owners of real estate affected thereby commenced an action against the said board of county commissioners, county auditor, and county treasurer, et al., among other things, to restrain the said board of county commissioners, auditor, and treasurer from spreading said assessment upon the tax books of said county against said lands, and from collecting the same, and for the purpose of having judicially declared void and illegal all proceedings in relation to the establishment and construction of said drainage ditch, and being the identical drainage ditch, and procedure establishing the same, involved in this in-

stant action; that in said action the said board of county commissioners, county auditor, and county treasurer interposed an answer in which they set forth and declared that all the proceedings of the officers aforesaid in the establishment of said drainage ditch, in levying an assessment for the construction thereof, and in all proceedings relative thereto, were legal and valid, and that said county commissioners, auditor, and treasurer were authorized as a matter of law to certify as a tax against each tract of land affected by said drainage ditch its proportionate amount of the expense of construction under and by virtue of said proceedings; that on the trial of said injunction action findings and judgment were in favor of the defendants, whereby it was found and judicially declared that all the proceeings in relation to the establishment and construction of said drainage ditch were legal and valid, including the assessment for benefits, and that said ditch had been substantially completed at the time of the commencement of that action, and which judgment in said injunction action was affirmed by the Supreme Court of this state on April 13, 1914, and is reported in Smith v. Pence & Pier, 33 S. D. 516, 146 N. W. 709.

It is now urged that the judgment roll including the pleadings in the injunction suit was not competent evidence to sustain the said findings under the issues of this case. While we are of the view that the judgment and proceedings taken in that case by the board of county commissioners, auditor, and treasurer were not conclusive, nor res adjudicata, as against them, still we are of the view that the same was prima facie evidence in the nature of quasi judicial admissions from which all consequential inferences may be drawn that naturally flow from the acts of said officers taken in said injunction action. Bank v. Duncan, 80 Kan. 196, 101 Pac. 992, 28 L. R. A. (N. S.) 327, 18 Ann. Cas. 78; Commonwealth v. Bridge Co., 216 Pa. 108, 64 Atl. 909, 8 Ann. Cas. 1073; Murphy v. Hindman, 58 Kan. 184, 48 Pac. 850; Wigmore, Ex. § 1066. From the acts of said board of county commissioners, auditor, and treasurer, as shown by the judgment roll in the said injunction suit, it might be inferred that said board of county commissioners, in the exercise of their discretionary powers under the statute, elected to and did make a valid and legal money assessment for benefits against each parcel

of land affected by said drainage ditch, giving a description, together with the name of the owner thereof, and the specific amount in money severally levied, taxed, and assessed against each parcel, for the purpose of certifying the same to the county treasurer for collection to create a fund from which said warrants could be paid. We are therefore of the view that the findings made in this action, that such assessment and levy had been made, and that said drainage ditch had been substantially completed at the time the injunction action was commenced, are supported by competent evidence.

[8]  Appellant urges that there is no evidence to show that the contract to construct said drain was ever transferred or assigned by Pence & Pier to the Woonsocket Drainage Company with the consent and approval of said board of county commissioners. It is contended that the records of minutes kept by the county auditor of the transactions of said county board while acting in relation to such drainage ditch do not show the assignment or transfer of said contract or that said county board consented thereto. The records or minutes of the county auditor do not show such transfer or consent thereto, but oral evidence was offered, over the objection that the same was incompetent, to the effect that such transfer was, as a matter of fact, made with the knowledge and consent of the county board. From the fact that the warrants in evidence were issued and made payable to the Woonsocket Drainage Company by the said board of county commissioners would seem to indicate, res ipsa loquitur, that the county commissioners had knowledge and consented to the transfer of said contract. We are of the opinion that oral testimony was competent to show what action was taken by the county board in this respect in the absence or omission of any record or minutes showing the same. The general rule seems to be that oral evidence is not permissible to contradict or vary matters shown by such official records or minutes; but where official acts have in fact been performed and taken place, and where the records or minutes of such acts have been omitted, such omission may be shown by parol testimony of persons who were present, unless there is some law requiring that all such matters must appear of record, and making such record the only evidence thereof. Dillon, Mun. Corps, §§ 298, 299, and 300;

28 Cyc. 343; Ross v. Madison, 1 Ind. 281, 48 Am. Dec. 361; Brown v. Webster, 115 Iowa, 511, 88 N. W. 1070; Nehrling v. Herold Co., 112 Wis. 558, 88 N. W. 614; German Ins. Co. v. School Dist., 80 Fed. 366, 25 C. C. A. 492; Riverside Tp. v. Stewart, 211 Fed. 873, 128 C. C. A. 251. We have no law in this state making the minutes or record of the transactions of the board of county commissioners, when acting in relation to the establishing of drainage ditches, the only evidence of such official acts.

Other assignments of error have been made, all of which have been considered. We are of the view that no prejudicial error exists therein, and that it will serve no useful purpose to further refer thereto.

Finding no error in the record the judgment appealed from is affirmed, with the modification, however, that previous notice by publication and posting, as required by section 5, c. 102, Laws 1909, be given to landowners and others affected by said drainage ditch of the time when and where said assessment will be certified to the county treasurer for collection, to the end that those who are required to pay said assessments may avail themselves, if any thereof so desire, of the provisions of section 10, c. 102, Laws 1909, to pay said individual assessments in installments.

Costs on appeal will be awarded to respondent.