■ SHARON S. HLADCZUK, Formerly Known as SHARON S. EPSTEIN, Respondent, v DENNIS P. EPSTEIN, Appellant. — Order unanimously reversed, without costs, and motion denied. Memorandum: Special Term erred in granting summary judgment to the plaintiff for arrears in child support on the ground that the defendant failed to respond to plaintiff's motion. A verified pleading is the equivalent of a responsive affidavit for purposes of a motion for summary judgment (CPLR 105, subd [t]; see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:15, p 436; cf. *Bethlehem Steel Corp. v Solow,* 51 NY2d 870, 872). Therefore, defendant's counsel properly relied upon the affirmative defenses in his verified answer in which he alleged that the plaintiff removed the children from Buffalo, New York, to Knoxville, Tennessee, without his knowledge or consent and failed to adequately notify him of the children's address and telephone number as required by a provision in a property settlement agreement incorporated but not merged in the divorce decree. Thus, defendant has raised triable issues of fact that preclude summary judgment. Moreover, at the time the motion was argued there was outstanding an order requiring a hearing to determine whether defendant had been denied his right to visitation (see *Matter of Lee v De Haven,* 87 AD2d 576; *Abraham v Abraham,* 44 AD2d 675, 676). (Appeal from order of Supreme Court, Erie County, Cook, J. — summary judgment.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ LOUISE A. CZYCZERSKI, Appellant, v SOMEBODY'S HOUSE OF SYRACUSE, INC., et al., Respondents. — Judgment unanimously modified by increasing the amount of the award to $30,000, and, as modified, affirmed, with costs to plaintiff. Memorandum: Following defendants' default in this personal injury action, damages were assessed by the court without a jury in the amount of $8,000. In view of the uncontested proof of medical expenses, lost earnings, pain and suffering and permanent disability the award is increased to $30,000 (CPLR 5522). (Appeal from judgment of Supreme Court, Onondaga County, Aronson, J. — negligence.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.